IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| STEPHEN POLLACK,<br><br>    Plaintiff<br><br>    v.<br><br>UNUM LIFE INSURANCE COMPANY OF AMERICA,<br><br>    Defendants | Case No. |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Unum Life Insurance Company of America ("Unum"), hereby files this Notice of Removal of this case from the Cumberland County Superior Court, Docket No. CV-2017-327, where it is currently pending, to the United States District Court for the District of Maine. This case is removable and jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331, in that Plaintiff's claims, in whole or in part, arise under the Employee Retirement Income Security Act of 1974 as amended ("ERISA"), 29 U.S.C. § 1001, *et. seq.*, thus supplying federal question jurisdiction.

Pursuant to 28 U.S.C. § 1446(a), Unum provides the following short and plain statement of the grounds for removal:

1. On or about August 24, 2017, Plaintiff Stephen Pollack commenced this civil action by filing a complaint (the "Complaint") in the Cumberland County Superior Court, State of Maine, captioned *Stephen Pollack v. Unum Life Insurance Company of America*, Docket No. CV-2017-327.

2.     Unum received the Summons and Complaint via CSC on August 29, 2017. A copy is attached hereto as Exhibit 1.

3.     Pursuant to Rule 6(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1446(b), this Notice of Removal is filed within thirty (30) days after receipt of the initial pleading on which the aforesaid action is based.

4.     Venue in this Court pursuant to under 28 U.S.C. §§ 99 and 1441(a) because the Cumberland County Superior Court, State of Maine, where the state court action was pending prior to removal, is a state court within this federal judicial district and division.

## FEDERAL QUESTION

5.     Pursuant to this lawsuit, Plaintiff seeks to recover disability benefits under a Group Policy of disability insurance provided by Unum to Plaintiff's former employer, for the benefit of its employees ("the Group Policy").  *See* Compl. at ¶ 2.  The Group Policy is part of (1) a plan, fund, or program (2) established or maintained (3) by an employer (4) for the purpose of providing benefits in the event of sickness, accident, or disability (5) to participant employees or their beneficiaries.  Accordingly, the Group Policy is part of an employee welfare benefits plan as defined by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1002(1).  Indeed, the Complaint states on its face that Plaintiff seeks benefits under an ERISA Plan.  *See* Complaint at ¶ 5.

6.     As Plaintiff is claiming entitlement to ERISA-regulated benefits, *see id.,* this action is one over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1332(e) in that Plaintiff's claims arise under an ERISA-governed benefit plan for which Plaintiff alleges Unum administers certain benefits.  *See* Compl. at ¶ 4. ERISA provides exclusive remedies for resolution of claims by employee benefit plan participants and

beneficiaries relating to an ERISA plan.  *See* ERISA § 502(a)(1), 20 U.S.C. § 1132(a)(1); *See also Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 44–47 (1987).  A cause of action filed in state court which comes within the scope of ERISA § 502(a)(1)—such as this one—is removable to federal court under 28 U.S.C. § 1441(a).  *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63–67 (1987).

7. Accordingly, this action is one over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e) in that Plaintiff's claims arise under an ERISA-governed benefit plan and Plaintiff's claims come within the scope of ERISA § 502(a), 29 U.S.C. § 1132(a).

8. Pursuant to 29 U.S.C. §§ 1132(e)(1) and (f) and 28 U.S.C. §§ 1331, 1441(b), the District Courts of the United States have original jurisdiction over such claims without respect to the amount in controversy or the citizenship of the parties and may be removed to this Court.

**MISCELLANEOUS**

9. A copy of this Notice of Removal is being filed with the Cumberland County Superior Court as provided by law, and written notice is being sent to Plaintiff's counsel.  A copy of the cover letter and Notice of Filing Notice of Removal are attached hereto as Exhibit 2.

10. The prerequisites for removal under 28 U.S.C. § 1441 have been met.

11. The allegations of this Notice are true and correct and this cause is removable to the United States District Court for the District of Maine.

12. If any question arises as to the propriety of the removal of this action, Unum respectfully requests the opportunity to present a brief in support of its position that this cause is removable.

**WHEREFORE,** Unum, by and through its counsel, and through the filing of this Notice of Removal, the giving of written notice thereof to Plaintiff, and the filing of a copy of this Notice of Removal with the clerk of the Cumberland County Superior Court, effects the removal of said civil action to this Honorable Court.

Dated: September 15, 2017         /s/ Byrne J. Decker
                                  Byrne J. Decker
                                  Sara A. Murphy
                                  Pierce Atwood LLP
                                  Merrill's Wharf
                                  254 Commercial Street
                                  Portland, ME 04101
                                  (207) 791-1100
                                  bdecker@pierceatwood.com
                                  *Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served Plaintiff with a true and correct copy of the within and foregoing **NOTICE OF REMOVAL** by depositing a copy of same in the United States Mail with adequate First Class postage affixed thereon, addressed as follows:

Andrew S. Davis, Esquire
Lambert Coffin
477 Congress Street
Portland, ME  04101

Dated: September 15, 2017

/s/ Byrne J. Decker
Byrne J. Decker