EXHIBIT 1

| | |
|---|---|
| STATE OF MAINE<br>CUMBERLAND, SS | SUPERIOR COURT<br>CIVIL ACTION<br>Docket No |

| | | |
|---|---|---|
| Stephen Pollack | : | |
|     Plaintiff | : | COMPLAINT |
| v. | : | |
| Unum Life Insurance Company<br>    of America | : | |
|     Defendant | : | |

Plaintiff, Stephen Pollack, for his Complaint against Defendant Unum Life Insurance Company of America ("Unum"), states as follows:

1. Mr. Pollack is an individual who, at times relevant to this Complaint, resided in Camden, Maine and who is or was a participant in a long-term disability plan (the "Plan"), sponsored by his former employer, Maine Health.

2. The Plan is funded, in part, through insurance policy 35926 003 Unum sold to Maine Health (the "Policy").

3. Unum is a domestic company with offices located in Portland, Maine.

4. Unum acts as the plan administrator and/or fiduciary of the Plan for purposes of benefit determinations made pursuant to the Policy.

5. Mr. Pollack brings this action under the Employee Retirement Income Security Act ("ERISA") 502(a)(1)(B), 29 U.S.C. 1132(a)(1)(B), to recover benefits under the Plan and Policy. This Court has subject matter jurisdiction over this action, and it may assert personal jurisdiction over Unum because, per ERISA 502(e), 29 U.S.C. 1132(e)(2), Unum undertook to insure an

**EXHIBIT 1**

ERISA plan that affected participants living in Cumberland County, Maine, and Unum resides or may be found in Cumberland County, Maine.

### Claim for Relief

6. The Policy provides that Unum will provide long-term disability benefits to participants who are considered disabled under the Policy. Under the Policy, disability is denied as follows:

> HOW DOES UNUM DEFINE DISABILITY?
> You are disabled when Unum determines that:
> - you are limited from material and substantial duties of your regular occupation due to your sickness or injury; and
> - you have a 20% or more loss in your indexed monthly earnings due to the same sickness or injury.
> After 24 months of payments, you are disabled when Unum determines that due to the same sickness or injury, you are unable to perform the duties of any gainful occupation for which you are reasonably fitted by education, training or experience.

7. The Policy contains a 180-day waiting period.

8. The Policy further provides that "Unum does not require premium payments for an insured while he or she is receiving Long Term Disability payments under this plan."

9. Mr. Pollack served as Maine Health's Director of Commercial Finance/Corporate Compliance Officer until October 9, 2015, at which time he left work due to, *inter alia*, lower extremity pain and nerve damage. Mr. Pollack and his providers describe his lower extremity pain as constant, aching, throbbing, stabbing, burning pain with associated numbness and tingling.

10. Mr. Pollack's pain interferes with his activities of daily living and requires that he ambulates with a cane.

11. Mr. Pollack's pain is so severe that he has considered and was consulted about amputation; however, he decided against this extreme measure as substantial scientific evidence demonstrated that this may not even resolve his pain. Rather, Mr. Pollack underwent a procedure

**EXHIBIT 1**

whereby his physician implanted a nerve stimulator into his spine to attempt to block nerve signals that are believed to cause Mr. Pollack pain.

12. Due to his medical conditions Mr. Pollack must ingest substantial opioid pain medications including OxyContin and oxycodone, which impair, *inter alia*, his memory and ability to concentrate. His narcotic medication regimen further causes Mr. Pollack to suffer from significant fatigue.

13. As of October 9, 2015, Mr. Pollack became disabled under the Policy and has remained continuously disabled since.

14. Mr. Pollack applied and was approved by Unum for short-term disability benefits through the entirely of coverage under the Plan.

15. Mr. Pollack then filed a claim for long-term disability benefits pursuant to the Policy.

16. Unum denied Mr. Pollack's claim for long-term disability benefits by letter, dated May 13, 2016.

17. On June 15, 2016, Mr. Pollack was sent for an independent medical examination ("IME"), during which the IME provider – Stephen Katz, MD (Orthopaedic Surgeon) – opined that Mr. Pollack was unable to perform sedentary work due to an inability to sit or walk for any period of time. Dr. Katz also agreed with Mr. Pollack's providers that his condition has reached maximum medical improvement and it was more of a pain management issue at that point.

18. Mr. Pollack timely requested a review of Unum's determination, after which Unum upheld its initial determination despite the positive IME findings.

19. Mr. Pollack exhausted his administrative remedies under the Policy and Plan.

**EXHIBIT 1**

20. As a result of the foregoing, Mr. Pollack has suffered a loss in the form of unpaid benefits.

21. Mr. Pollack is entitled to a judgment against Unum in the amount of the unpaid benefits under the Policy including, *inter alia*, long-term disability benefits.

22. Mr. Pollack is also entitled to prejudgment interest and an award of attorney's fees under ERISA 502(g) in an amount to be proven.

WHEREFORE, Plaintiff, Stephen Pollack, requests the Court grant him the following relief from Defendant Unum Life Insurance Company of America:

a. A judgment in the amount of all benefits due under the Plan/Policy plus prejudgment interest;

b. His costs and attorney's fees, under ERISA 502(g); and

c. All other relief to which he is entitled, including de novo review of the decision to deny the claim.

Dated: August 24, 2017

Andrew S. Davis, Esq.
LAMBERT COFFIN
477 Congress Street
Portland, Maine 04101
207.370.3010
adavis@lambertcoffin.com